# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | 1:08-cv-00753 AWI GSA |
| | |
| | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| Plaintiff, | |
| | Plaintiff's Motion for Summary Judgment Filing Deadline: November 18, 2008 |
| | |
| | Defendant's Opposition and Cross-Motion for Summary Judgment Filing Deadline: December 19, 2008 |
| v. | |
| | Plaintiff's Reply and Opposition to Cross-Motion for Summary Judgment Filing Deadline: January 16, 2009 |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | Defendant's Reply Filing Deadline: February 18, 2009 |
| Defendant. | Hearing on Cross-Motions for Summary Judgment: March 16, 2009 at 1:30 p.m. in Courtroom 2 before the Honorable Anthony W. Ishii |

**I.     Date of Scheduling Conference**

September 10, 2008.

1

## II. Appearances of Counsel

Brian C. Leighton appeared on behalf of Plaintiff Gerawan Farming, Inc. ("Plaintiff").

Assistant United States Attorney Jeffrey J. Lodge appeared on behalf of Defendant United States Department of Agriculture ("Defendant").

## III. Factual and Legal Contentions

### A. Summary of the Pleadings

#### 1. Complaint

The complaint alleges as follows: On or about August 13, 2001, Plaintiff filed an administrative petition under the Agricultural Marketing Agreement Act alleging that the Nectarine Order and the Peach Order, and the authority to collect assessments from Gerawan Farming, Inc., used for speech related purposes, violated the First Amendment of the United States Constitution.  Since that time, Gerawan has chosen to pay the Nectarine and Peach Committees roughly half of the assessments and deposited the withheld amount in a designated interest bearing account.  On May 9, 2008, the Judicial Officer reversed the findings of the Administrative Law Judge, and ordered Gerawan to pay the past due assessments and applicable interest and late payment charges and assessed a civil penalty of $100,000.

#### 2. Answer

The United States contends that all the speech at issue is government speech and there is no violation of the first amendment rights of the Plaintiff.  The United States believes that the Supreme Court's decision in the case styled Secretary of Agriculture v. Livestock Marketing Ass'n, 544 U.S. 550, 125 S.Ct. 2055 (2005) is dispositive of the allegations in Plaintiff's complaint.

### B. Orders Regarding Amendment of Pleadings.

No amendments are proposed at this time.

//

**IV.     Factual Summary**

Uncontested material facts shall be identified by the parties in the form of cross motions for summary judgment.

**V.     Legal Issues**

1. <u>Undisputed</u>: Venue.

**VI.     Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented in writing to conduct all further proceedings in this case before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII.     Discovery Plan and Cut-Off Date**

Plaintiff shall file a Motion for Summary Judgment on or before November 18, 2008. Defendant shall file an Opposition to Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment on or before December 19, 2008. Plaintiff shall file a Reply and an Opposition to Defendant's Motion for Summary Judgment on or before January 16, 2009. Defendant shall file a Reply on or before February 18, 2009. The Cross-Motions for Summary Judgment shall be heard on March 16, 2009 at 1:30 p.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. The parties shall comply with **Local Rules 78-230 and 56-260**.

**VIII.     Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**IX.     Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the

3

agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   September 10, 2008**　　　　　　　　　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4